NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADIL HIRAMANEK, | No. 12-70325 |
| Intervenor - Appellant, | Tax Ct. No. 14912-10 |
| v. | |
| KAMAL A. HIRAMANEK, | MEMORANDUM* |
| Petitioner - Appellee, | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted December 9, 2014**

Before:      WALLACE, LEAVY, and BYBEE, Circuit Judges.

Intervenor Adil Hiramanek appeals pro se from the Tax Court's decision,

after a bench trial, concerning his former spouse's tax liability in connection with

---

       *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       **      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

their 2006 joint federal income tax. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions, and for clear error its factual findings. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

The Tax Court did not clearly err by crediting the former spouse's testimony and evidence over Hiramanek's, and finding that the former spouse signed the joint tax return under duress and thus was not jointly and severally liable for the 2006 deficiency. *See* 26 C.F.R. § 1.6013-4(d) (explaining that if a spouse establishes that he or she signed a return under duress, that return is not a joint return and the individual who signed that return is not jointly and severally liable for any deficiency in tax with respect to the return); *see also Wilson v. Comm'r*, 705 F.3d 980, 983 n.10 (9th Cir. 2013) (defining duress in the tax context as "a constraint of will so strong that it makes a person reasonably unable to resist a demand to sign" (citation and internal quotation marks omitted)); *Sparkman v. Comm'r*, 509 F.3d 1149, 1155 (9th Cir. 2007) (under the clear error standard, this court will reverse the Tax Court's findings only when it is "left with the definite and firm conviction that a mistake has been committed").

The Tax Court did not clearly err by concluding that Hiramanek's former

12-70325

spouse was entitled to equitable relief under 26 U.S.C. § 66(c). *See* 26 C.F.R. § 1.66-4 (equitable relief resulting from the operation of community property law may be available, even if the requirements for traditional relief are not satisfied, if "it would be inequitable to hold the requesting spouse liable for the unpaid tax or deficiency"); Rev. Proc. 2003-61 (listing factors to determine whether to grant equitable relief), *modified and superseded by* Rev. Proc. 2013-34.

We reject Hiramanek's contentions concerning untimeliness, alleged denial of due process, and evidentiary challenges.

Hiramanek's unopposed motion to lodge the court reporter's transcript, filed on August 21, 2014, is granted.

Hiramanek's opposed motion, filed on August 26, 2014, is granted in part. The court grants Hiramanek leave to file an oversized substitute reply brief and directs the Clerk to file the reply brief submitted on August 26, 2014.

All other pending motions and requests are denied.

**AFFIRMED.**

12-70325