T.C. Memo. 2016-92

UNITED STATES TAX COURT

ADIL K. HIRAMANEK, Petitioner, AND KAMAL KAPADIA, Intervenor <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14485-13.                                  Filed May 10, 2016.

R determined a deficiency and an accuracy-related penalty
under I.R.C. sec. 6662(a) after examining a return filed by P and his
ex-wife, K, for 2006.  K filed a petition with this Court seeking relief
from joint and several liability under I.R.C. sec. 6015 and asking for a
determination that she was not liable for any deficiency for 2006.
Before trial of K's case (<u>Hiramanek I</u>), she and R reached a settlement
in which they agreed that, because K had signed the 2006 return
under duress, it was not a joint return and she was not liable for the
deficiency.  As part of the settlement, K withdrew her request for
relief under I.R.C. sec. 6015.  Notwithstanding the settlement reached
by K and R, the Court conducted a trial to determine whether K had
signed the 2006 return under duress and found that she had.  P
participated in the trial as intervenor and presented evidence.

While <u>Hiramanek I</u> was pending, P submitted his own request
for relief under I.R.C. sec. 6015 for 2006, which R denied.  P has now
petitioned for determination of relief from joint and several liability.
R has moved for judgment on the pleadings.

**[\*2]**  Held:  Because the Court in Hiramanek I allowed P to participate in the trial in that case over R's argument that P could not challenge K's claim of duress, judicial estoppel does not prevent R from arguing that P is bound by Hiramanek I under collateral estoppel.

Held, further, under collateral estoppel, P is bound by the Court's determination in Hiramanek I that K signed the 2006 return under duress.

Held, further, because P's 2006 return was not a joint return, P has no claim for relief under I.R.C. sec. 6015 for that year; R's motion for judgment on the pleadings will be granted.

Adil K. Hiramanek, pro se.

Steven L. Walker, for intervenor.

Bryant W.H. Smith, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  This case is before us on a petition for determination of relief from joint and several liability under section 6015 for petitioner's 2006 taxable year.  Respondent has moved for judgment on the pleadings pursuant to Rule 120(a).  Petitioner objects to the motion.  We must decide whether petitioner is bound by our determination in Hiramanek v. Commissioner (Hiramanek I), T.C.

[*3] Memo. 2011-280, 2011 WL 5921512, aff'd sub nom. Hiramanek v.

Hiramanek (Hiramanek II), 588 F. App'x 681 (9th Cir. 2014), cert. denied, 136 S.

Ct. 167 (2015), that the 2006 return petitioner filed with his ex-wife, Kamal

Kapadia, was not a joint return because Ms. Kapadia signed it under duress.  As

explained below, we conclude that, under the doctrine of collateral estoppel,

petitioner is bound by our determination in Hiramanek I and, consequently, he has

no claim to relief under section 6015.  We will therefore grant respondent's

motion.  Unless otherwise indicated, all section references are to the Internal

Revenue Code in effect for 2006, and all Rule references are to the Tax Court

Rules of Practice and Procedure.

Background

In April 2007, petitioner and Ms. Kapadia filed a Federal income tax return

for the taxable year ended December 31, 2006.  In late 2008, respondent began an

examination of that return.  On March 30, 2010, respondent mailed petitioner and

Ms. Kapadia a statutory notice of deficiency for 2006.

Hiramanek I

Ms. Kapadia filed with this Court a petition for relief from joint and several

liability for the deficiency respondent had determined.  Her petition was

postmarked June 28, 2010, the 90th day after the date of respondent's notice of

[*4] deficiency. In that petition, Ms. Kapadia claimed entitlement to relief under section 6015 and also asked us to "determine that * * * there * * * [was] no deficiency due from * * * [her] for income taxes for the 2006 taxable year." Petitioner in the case before us intervened in Hiramanek I under Rule 325(b). Hiramanek I, 2011 WL 5921512, at *2.

Before trial in Hiramanek I, Ms. Kapadia and respondent reached a settlement in which they agreed that she had signed the 2006 return under duress and that, consequently, the joint return was not valid and Ms. Kapadia was not liable for the deficiency in income tax or the accuracy-related penalty under section 6662(a) that respondent determined after examining that return. As part of the settlement, Ms. Kapadia withdrew her request for section 6015 relief.

Notwithstanding the settlement reached by Ms. Kapadia and respondent, we conducted a trial to determine whether she had signed the 2006 return under duress. See McGowan v. Commissioner, 67 T.C. 599, 607 (1976) ("All concessions, including stipulated settlement agreements, are subject to the Court's discretionary review."). Petitioner participated in that trial and presented evidence to support his claim that he and Ms. Kapadia both voluntarily signed their 2006 return. Hiramanek I, 2011 WL 5921512, at *3. We did not, however, find petitioner's testimony credible. Id. Instead, we found it "more likely than not that

**[\*5]** \* \* \* [Ms. Kapadia] signed the 2006 return under duress." Id. at \*4. Therefore, we concluded that the 2006 return was not a joint return and Ms. Kapadia was not jointly and severally liable for any deficiency arising from that return. Id. at \*4; see also sec. 1.6013-4(d), Income Tax Regs.[1]

Petitioner, as intervenor in Hiramanek I, appealed our decision in that case and the U.S. Court of Appeals for the Ninth Circuit affirmed, concluding that we "did not clearly err by crediting \* \* \* [Ms. Kapadia's] testimony and evidence over \* \* \* [petitioner's], and finding that \* \* \* [Ms. Kapadia] signed the joint return under duress". Hiramanek II, 588 F. App'x at 681. On October 5, 2015, the Supreme Court dismissed petitioner's petition for certiorari in Hiramanek II. Hiramanek v. Hiramanek, 136 S. Ct. 167 (2015).

The Present Case

In September 2010, petitioner submitted to the Internal Revenue Service (IRS) a Form 8857, Request for Innocent Spouse Relief, for 2006. On April 1, 2013, respondent issued a final Appeals determination denying that request. On June 27, 2013, we received petitioner's petition seeking "relief from 2006 tax

---

[1]Sec. 1.6013-4(d), Income Tax Regs., provides: "If an individual asserts and establishes that he or she signed a return under duress, the return is not a joint return. The individual who signed such return under duress is not jointly and severally liable for the tax shown on the return or any deficiency in tax with respect to the return."

**[*6]** deficiency on every available and legally tenable ground(s), prayed or not, including but not limited to Innocent Spouse Relief." Petitioner resided in California when he filed his petition. Respondent made his answer on August 19, 2013. On October 17, 2013, we received notice of Ms. Kapadia's intervention under section 6015(e)(4) and Rule 325.

On November 15, 2013, respondent moved for a stay of all proceedings in the present case until a final resolution of Hiramanek I, which was then on appeal to the U.S. Court of Appeals for the Ninth Circuit. By an order issued December 30, 2013, we granted respondent's motion.

On November 2, 2015, after the Supreme Court's denial of certiorari in Hiramanek II, respondent filed a motion to lift the stay in the present case and a motion for judgment on the pleadings. On November 10, 2015, we granted respondent's motion to lift the stay.

Discussion

I.    Introduction

A.    Rule 120(a)

Rule 120(a) provides, in pertinent part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A judgment on the pleadings is based solely on the allegations and

**[\*7]** information contained in the pleadings and not on any outside matters. See Rule 120(a) and (b); see also Fed. R. Civ. P. 12(c); Black's Law Dictionary 972 (10th ed. 2014). The movant has the burden of showing entitlement to judgment on the pleadings. See Abrams v. Commissioner, 82 T.C. 403, 408 (1984). He must show that the pleadings do not raise a genuine issue of material fact and that he is entitled to a judgment as a matter of law. See id.; see also 2 James Wm. Moore, Moore's Federal Practice, sec. 12.38, at 12-139 (3d ed. 2015) ("Judgment on the pleadings should be granted if the movant 'is entitled to judgment as a matter of law.'" (quoting Burns Int'l Sec. Servs., Inc. v. Int'l Union United Plant Guard Workers, Local 537, 47 F.3d 14, 16 (2d Cir. 1995))).

B.     Procedural Matters

Respondent's motion for judgment on the pleadings satisfies the temporal requirement of Rule 120(a). The pleadings in this case consist of the petition and the answer since no other pleadings were required or permitted. See Rule 30. Because of our stay of proceedings during petitioner's appeal of Hiramanek I, the pleadings in the present case had long been closed when respondent filed his motion for judgment on the pleadings. And, because trial has not yet been scheduled, our consideration of the motion will not delay trial.

**[*8]** Although petitioner alleges procedural defects in respondent's motion, those allegations reflect a misreading of the relevant Rules. First, petitioner argues that respondent's failure to give him an opportunity to discuss the motion before its filing violated Rule 50(a). But Rule 50(a) requires only that notice of a motion be given to an opposing party. It does not require the movant to afford the opposing party an opportunity to discuss the motion. Second, petitioner argues that respondent's request that the motion be treated as one for summary judgment if we find that it involves matters outside the pleadings violates the requirement of Rule 54(b) that "motions shall be separately stated and not joined together". Motions filed in the alternative, however, do not violate Rule 54(b). In fact, Rule 120(b) specifically provides that a motion for judgment on the pleadings will be treated as one for summary judgment if it involves matters outside the pleadings.

As a final procedural matter, we will also deny petitioner's request for a hearing on the motion. Our Rules do not require us to conduct hearings on motions. Instead, Rule 50(b) affords us broad discretion in disposing of motions. We see no need for a hearing in the present case.

C. <u>Section 6015</u>

Although married persons who file a joint Federal income tax return are, as a general rule, each jointly and severally liable for the tax shown on the return and

[*9] any deficiency arising from that return, sec. 6013(d)(3), section 6015 provides for three types of relief from joint and several liability. Section 6015(b)(1) allows a married person to elect to be relieved of liability for an understatement of tax that is "attributable to erroneous items" of the other spouse if specified conditions are met. Section 6015(c)(1) allows divorced or separated spouses to elect to limit their liabilities for deficiencies to the portions attributable to their own items of income, deduction, or credit. And section 6015(f) allows the IRS to grant discretionary relief to a spouse who is not eligible to make either election when it would be "inequitable to hold the * * * [spouse] liable for any unpaid tax or any deficiency (or any portion of either)".

Each type of relief under section 6015 is conditioned on the filing of a joint Federal income tax return. Section 6015(b)(1) applies only if "a joint return has been made for a taxable year". Sec. 6015(b)(1)(A). The election under section 6015(c)(1) is available only to "an individual who has made a joint return for any taxable year". By contrast, section 6015(f) does not expressly condition the equitable relief allowed by that subsection on the filing of a joint return. Nonetheless, under the guidelines applicable to petitioner's request, the IRS considers requests for relief under section 6015(f) only from a spouse who "filed a joint return for the taxable year for which he or she seeks relief." Rev. Proc. 2013-

**[\*10]** 34, sec. 4.01(1), 2013-43 I.R.B. 397, 399.  The legislative history of section

6015 supports conditioning relief under subsection (f) on the filing of a joint

return.  See H.R. Conf. Rept. No. 105-599, at 254 (1998), 1998-3 C.B. 747, 1008.

Therefore, we approved an earlier version of the IRS' guidelines in Raymond v.

Commissioner, 119 T.C. 191, 197 (2002), and agreed that "a joint return must be

filed in order for a taxpayer to be granted equitable relief under section 6015(f)."

II.     Collateral Estoppel

Respondent's position, as we understand it, rests on the premise that

petitioner cannot obtain relief under section 6015 because, under the doctrine of

collateral estoppel, petitioner is bound by our determination in Hiramanek I that

the return he filed with Ms. Kapadia for 2006 was not a joint return.[2]

Under the doctrine of collateral estoppel, or issue preclusion, once an issue

of fact or law is "actually and necessarily determined by a court of competent

jurisdiction, that determination is conclusive in subsequent suits based on a

different cause of action involving a party to the prior litigation."  Montana v.

---

[2]Although respondent's motion does not expressly invoke collateral
estoppel, his answer claimed reliance on the doctrines of res judicata and collateral
estoppel.  To the extent that respondent claims reliance on res judicata, we
disagree, for the reasons explained in our discussion of sec. 6015(g)(2), infra pp.
18-20.  For the reasons explained in the text above, however, we agree with
respondent regarding the applicability of collateral estoppel.

**[\*11]** <u>United States</u>, 440 U.S. 147, 153 (1979). Collateral estoppel is a judicially created equitable doctrine that protects parties from unnecessary and redundant litigation, conserves judicial resources, and fosters certainty in and reliance on judicial action. <u>See, e.g.</u>, <u>id.</u> at 153-154; <u>Estate of Chemodurow v. Commissioner</u>, T.C. Memo. 2001-14, 2001 WL 55774, at \*7. Collateral estoppel can be applied in the context of a factual dispute only when the following conditions are satisfied: (1) the issue in the second suit must be identical in all respects with the one decided in the first suit; (2) there must be a final judgment rendered by a court of competent jurisdiction; (3) the party against whom collateral estoppel is asserted must have been a party to the first suit or a privy to a party; (4) the parties must have actually litigated the issues and the resolution of these issues must have been essential to the prior decision; and (5) the controlling facts and applicable legal rules must remain unchanged from those in the prior litigation. <u>Peck v. Commissioner</u>, 90 T.C. 162, 166-167 (1988), <u>aff'd</u>, 904 F.2d 525 (9th Cir. 1990).

Even when the <u>Peck</u> conditions are satisfied, we have broad discretion to determine whether collateral estoppel should apply, and we may refuse to apply it when, for instance, it is to be applied offensively, and the party against whom it is applied had little incentive to defend in the first action or when the second action affords the party procedural opportunities unavailable in the first action that could

**[\*12]** readily cause a different result.  See <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 330-331 (1979).

Petitioner's objection to respondent's motion calls into question only the second of the five <u>Peck</u> conditions--whether we had jurisdiction in <u>Hiramanek I</u> to determine that Ms. Kapadia signed the 2006 return under duress.  The issue before us is identical in all respects to an issue decided in <u>Hiramanek I</u>:  whether the return petitioner filed with Ms. Kapadia for 2006 was a joint return.[3]  With the

---

[3]Collateral estoppel may apply more narrowly in tax cases than other cases. In <u>Commissioner v. Sunnen</u>, 333 U.S. 591, 601 (1948), the Supreme Court reasoned that, if the relevant facts in the first and second cases are "separable", even though they might be similar or even identical, collateral estoppel does not prevent relitigation in the second case of an issue decided in the first.  For example, the Court suggested that a determination of the tax consequences of one contract does not determine the tax consequences of another contract entered into by the same parties, even when the two contracts have identical terms.  <u>Id.</u> at 602 ("For income tax purposes, what is decided as to one contract is not conclusive as to any other contract which is not then in issue, however similar or identical it may be.").  Although the Court has repudiated the separable facts doctrine in general, it has suggested that the doctrine may continue to apply in the tax context.  <u>United States v. Stauffer Chem. Co.</u>, 464 U.S. 165, 172 n.5 (1984). The U.S. Court of Appeals for the Ninth Circuit, to which appeal of this case would lie absent a stipulation to the contrary, has not addressed the continued validity of the separable facts doctrine in tax cases.  See <u>Carter v. United States</u>, 973 F.2d 1479, 1483 n.1 (9th Cir. 1992) ("[W]e need not decide whether the 'separable facts' doctrine announced in <u>Sunnen</u> remains viable in income tax cases.").  Similarly, this Court has not had occasion to rule definitively on whether the doctrine has any remaining viability.  See <u>Campbell v. Commissioner</u>, T.C. Memo. 2001-51, 2001 WL 197899, at \*6, n.11, <u>aff'd</u>, 28 F. App'x 613 (8th Cir. 2002).  The present case does not provide that occasion.  The separable facts doctrine, if applicable,

(continued...)

[*13] Supreme Court's denial of certiorari in Hiramanek II, the judgment in that case has become final. Petitioner, as intervenor in Hiramanek I, was a party to the case. The parties actually litigated the issue of whether Ms. Kapadia signed the 2006 return under duress, and that issue was essential to our decision that she was not jointly and severally liable for any deficiency arising from that return. Petitioner does not allege any changes in the controlling facts or legal principles since Hiramanek I, nor are we aware of any. Finally, petitioner does not allege-- nor are we aware of--any circumstances that would warrant the exercise of our discretion not to apply the normal rule of issue preclusion. In opposing respondent's motion, however, petitioner claims that, once Ms. Kapadia withdrew her request for relief under section 6015 in Hiramanek I, this Court was "out of jurisdiction".

Because the petition Ms. Kapadia filed in Hiramanek I was a petition for redetermination of the deficiency as well as a petition for determination of relief under section 6015, we had jurisdiction in that case to address any issue related to Ms. Kapadia's liability for taxes and penalties for 2006. Sec. 6214(a); Naftel v.

---

[3](...continued)
would not affect our conclusion that this case and Hiramanek I involve identical facts because each case turns on the consequences of a single document--the return filed by petitioner and Ms. Kapadia for 2006. Thus, the relevant facts in the two cases are not just identical but inseparable.

- 14 -

[*14] Commissioner, 85 T.C. 527, 533 (1985) ("We acquire jurisdiction when a

taxpayer files [a petition for redetermination] with the Court and that jurisdiction

extends to the entire subject matter of the correct tax for the taxable year.").  Our

jurisdiction was not limited by section 6015(e)(1)(A) to determining the

appropriate relief available to Ms. Kapadia under section 6015, as it would have

been had her petition been a "stand-alone" petition under that section.  Although

Ms. Kapadia's petition was ambiguous, respondent's counsel read the petition as

including a request for redetermination of the deficiency on the basis of its

concluding "catch-all" request for our determination that Ms. Kapadia was not

liable for any deficiency.  Ms. Kapadia's counsel accepted responsibility for the

imprecise drafting and assured us that respondent's counsel's reading of the

petition reflected Ms. Kapadia's intent.  Therefore, we accepted that the petition

included a request for redetermination of the deficiency as well as for relief under

section 6015.

The question of whether Ms. Kapadia signed the 2006 return under duress

was relevant to her joint and several liability for the deficiency respondent had

determined.  Although the settlement reached by Ms. Kapadia and respondent in

Hiramanek I and the withdrawal of her request for relief under section 6015 did

not, as petitioner suggests, give us reason to "dismiss[] the case", we could have

**[\*15]** entered a decision based on the settlement. Petitioner was allowed to intervene in <u>Hiramanek I</u> only to address Ms. Kapadia's entitlement to relief under section 6015. See <u>Van Arsdalen v. Commissioner</u>, 123 T.C. 135, 142 (2004) ("[J]ustice requires that the nonelecting spouse be permitted to intervene in administrative and judicial proceedings under section 6015 for the purpose of submitting any information * * * that is relevant to the determination whether the electing spouse is entitled to relief from joint and several liability."). Thus, petitioner's limited involvement in <u>Hiramanek I</u> would not have prevented us from disposing of the case on grounds unrelated to section 6015. That we instead proceeded to trial and received evidence on the issue of duress--from petitioner as well as Ms. Kapadia--does not rob our determination in that case of binding effect on petitioner. He has had his day in court; he is not entitled to another.

In sum, we had jurisdiction in <u>Hiramanek I</u> to determine Ms. Kapadia's liability for the deficiency. The question of whether she signed the 2006 return under duress was relevant to that determination. Our decision to receive evidence on that question instead of making a finding based on the stipulation of Ms. Kapadia and respondent did not deprive us of jurisdiction to address the question. Because the other conditions of collateral estoppel are met, our determination in <u>Hiramanek I</u> that Ms. Kapadia signed the 2006 return under duress is binding on

**[*16]** petitioner. Consequently, the return petitioner filed for that year was not a joint return. He thus has no claim for relief under section 6015; in fact he has no joint and several liability from which to be relieved.

## III. Petitioner's Other Arguments

### A. Judicial Estoppel

Petitioner argues that respondent's allegedly inconsistent positions in Hiramanek I and the present case "estop[] * * * [him] from Rule 120 relief". Petitioner implicitly invokes the doctrine of judicial estoppel.

Judicial estoppel is an equitable doctrine that prevents a party in a judicial proceeding from asserting a position contrary to one that the party has successfully persuaded a court to accept in a prior proceeding. See New Hampshire v. Maine, 532 U.S. 742, 749-750 (2001); see also Topsnik v. Commissioner, 143 T.C. 240, 257 (2014); Huddleston v. Commissioner, 100 T.C. 17, 26 (1993). The doctrine "is intended to protect the integrity of the judicial process", Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 1982), by "prohibiting parties from deliberately changing positions according to the exigencies of the moment", United States v. McCaskey, 9 F.3d 368, 378 (5th Cir. 1993).

Judicial estoppel generally applies only to a litigant who previously succeeded in persuading a court to accept that party's position because only then

[*17] would "judicial acceptance of an inconsistent position in a later proceeding * * * create 'the perception that either the first or the second court was misled'". New Hampshire, 532 U.S. at 750 (quoting Edwards, 690 F.2d at 599). "Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' * * * and thus poses little threat to judicial integrity." Id. at 750-751 (quoting United States ex rel. Am. Bank v. C.I.T. Constr. Inc., 944 F.2d 253, 259 (5th Cir. 1991)).

In Hiramanek I, respondent argued that petitioner, as intervenor in that case, was not entitled to contest Ms. Kapadia's claim that she signed the 2006 return under duress. Respondent's concession that Ms. Kapadia signed the 2006 return under duress rendered moot her claim to section 6015 relief and thus, respondent argued, eliminated petitioner's right to intervene.

Contrary to petitioner's apparent argument, the doctrine of judicial estoppel does not prevent respondent from asserting in the present case that petitioner is bound by our prior determination that Ms. Kapadia signed the 2006 return under duress. Even if respondent's position here were viewed as inconsistent with his claim in Hiramanek I that petitioner had no right to contest Ms. Kapadia's claim of duress, judicial estoppel does not apply because we did not accept respondent's allegedly contrary position in the prior case. Instead of entering a decision on the

[*18] basis of respondent's and Ms. Kapadia's settlement, we held a trial on the question of whether Ms. Kapadia signed the 2006 return under duress. More to the point, we allowed petitioner, as intervenor, to participate in the trial and present evidence. Thus, accepting respondent's argument in the present case that petitioner is bound by Hiramanek I would not threaten judicial integrity by creating an appearance that we were previously misled. Petitioner now argues, in effect, that respondent's mere attempt in Hiramanek I to prevent him from challenging Ms. Kapadia's position that she signed the return under duress--even though unsuccessful--requires that we afford him another opportunity to convince us that Ms. Kapadia voluntarily signed the 2006 return, thereby putting in issue petitioner's entitlement to relief under section 6015. The doctrine of judicial estoppel does not give petitioner a second bite at the apple denied him by collateral estoppel. Because we allowed petitioner, over respondent's objection, to contest Ms. Kapadia's claim of duress in Hiramanek I, petitioner is appropriately treated as a party to that case for purposes of collateral estoppel. For the same reason, judicial estoppel does not prevent respondent from asserting that petitioner is bound by our determination of duress in the prior case.

**[\*19]** B.     Section 6015(g)(2)

Petitioner invokes section 6015(g)(2) to support his claim that Hiramanek I

"is no bar to the instant action".  When applicable, section 6015(g)(2) provides

that a final decision regarding a taxpayer's tax liability for a taxable year does not

prevent the taxpayer from later seeking relief under section 6015 if that question

was not an issue in the prior proceeding and the taxpayer did not participate

meaningfully in the proceeding.

Section 6015(g)(2) provides an exception to the doctrine of res judicata.

Under that doctrine, a final judgment on the merits of a cause of action entered by

a court of competent jurisdiction prevents the parties from relitigating the matter.

See, e.g., Frank Sawyer Trust v. Commissioner, 133 T.C. 60, 71 (2009).  When

applicable, the doctrine prevents the parties from relitigating not only those issues

that were actually raised in the earlier proceeding, but also any issues that could

have been raised but were not.  Commissioner v. Sunnen, 333 U.S. 591, 597

(1948).  In that respect, res judicata, or claim preclusion, differs from collateral

estoppel, which bars relitigation of only those issues actually decided in the earlier

proceeding.

In the absence of section 6015(g)(2), if a court were to enter a final decision

regarding a married couple's tax liability for a given year, res judicata would

[*20] prevent either spouse from later attempting to avoid joint and several liability for the obligation by claiming section 6015 relief. Section 6015(g)(2), however, allows a spouse in that situation to claim relief under section 6015 in a later proceeding, notwithstanding res judicata, if the issue was not actually raised in the earlier proceeding and the requesting spouse did not participate meaningfully in that proceeding.

Because we base our decision in the present case on collateral estoppel, rather than res judicata, section 6015(g)(2) is of no help to petitioner. Here we determine not that <u>Hiramanek I</u> is conclusive as to the <u>claim</u> of petitioner's tax liability for 2006 by reason of res judicata but that the prior case is conclusive as to the <u>issue</u> of duress by reason of collateral estoppel. It so happens that the preclusive effect of <u>Hiramanek I</u> on the issue of duress has the consequence of compelling the treatment of the 2006 return as other than a joint return and thus preventing us from granting petitioner's claim for relief under section 6015. But that consequence is an indirect result of collateral estoppel. Because the present case involves a cause of action different from that addressed in <u>Hiramanek I</u>, petitioner's claim here would not be directly barred by res judicata regardless of

[*21] section 6015(g)(2).[4]  Therefore, the exception to res judicata provided by that section does not allow us to treat petitioner as having filed a joint return for 2006.

C.    Scope of Jurisdiction

We reject petitioner's argument that the scope of his petition, which he characterizes as extending beyond section 6015 relief, requires denial of respondent's motion.  Although his petition includes a general claim for relief from the deficiency respondent determined for his 2006 taxable year, petitioner's opportunity for challenging that deficiency has passed.  Any petition for redetermination of the deficiency had to be filed by June 28, 2010--90 days after the date of the notice of deficiency.  See sec. 6213(a).  Ms. Kapadia timely filed a petition for redetermination; petitioner did not.  Therefore, we have no jurisdiction in this proceeding to redetermine the deficiency.[5]  Instead, our jurisdiction is limited to "determinin[ing] the appropriate relief available to * * * [petitioner]

---

[4]Indeed, because Hiramanek I addressed a petition filed by Ms. Kapadia concerning her tax liability for 2006, petitioner could not have raised his eligibility for relief under sec. 6015 or any other issue regarding his tax liability for that year. Instead, as noted in the text, petitioner's rights as intervenor in Hiramanek I were limited to addressing Ms. Kapadia's entitlement to sec. 6015 relief.

[5]We need not address at this juncture petitioner's entitlement to challenge in a collection due process proceeding his underlying tax liability for 2006.  Cf. sec. 6330(c)(2)(B).

[*22] under * * * section [6015]".  Sec. 6015(e)(1)(A).  Because the return petitioner filed for 2006 was not a joint return, he has no valid claim to relief under section 6015.

IV.  Conclusion

Under the doctrine of collateral estoppel, petitioner is bound by our determination in Hiramanek I that Ms. Kapadia signed under duress the return she filed with petitioner for 2006.  Consequently, that return was not a joint return.  Because each type of relief under section 6015 is conditioned on the filing of a joint return, petitioner has no valid claim for relief under that section in regard to the deficiency respondent determined for 2006.  Because we have no jurisdiction to consider any other matters in regard to petitioner's Federal income tax liability for that year, the pleadings do not raise a genuine issue of material fact.  Respondent is entitled to a judgment as a matter of law.  Accordingly, we will grant respondent's motion for judgment on the pleadings.

An appropriate order and decision

will be entered for respondent.