**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 21, 2011

No. 10-60512

Lyle W. Cayce
Clerk

DAVID J. FELT, SHARON A. FELT

Petitioners-Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee

Appeal from the Decision of
the United States Tax Court
(3735-06)

Before DAVIS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioners David and Sharon Felt appeal the judgment of the Tax Court assessing taxes and penalties related to notices of tax deficiency issued by the Commissioner for tax years 1986, 1987, 1989, 1994, 1995, 1996, 1997, and 1998, for which years the Felts did not file returns. The legal principal that ultimately controls most of the issues in this appeal is the settled rule that the Commissioner's findings of tax deficiency have a presumption of correctness and the taxpayer has the burden of proof of showing them to be wrong. *Welch v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60512

*Helvering*, 290 U.S. 111, 115 (1933); *Reese v. Comm'r*, 615 F.2d 226, 233 (5th Cir. 1980). With respect to several of the issues raised in this appeal, the Tax Court found that the taxpayers failed to present evidence to dispute the deficiency notice or additions to the tax. We agree with these determinations and affirm the Tax Court's judgment.

## I.

We review the judgment of the Tax Court using the same standards of review that apply to our review of district court judgments. *Green v. Comm'r*, 507 F.3d 857, 866 (5th Cir. 2007). Findings of fact are reviewed for clear error and issues of law are reviewed de novo. *Id.* We consider below the various challenges the taxpayers assert in this appeal to the tax court's factual and legal conclusions.

## II.

**A.    Sale of stock in Reliance Savings Association**

In 1986, the Felts sold 450,000 shares of stock in Reliance Savings Association for $10 per share, receiving in part notes from Specialty Finance, a d/b/a of David Felt, which were secured by the Reliance stock. The Tax Court treated the notes as cash equivalents and valued the notes at face value, which was the only measure of value it had before it. Based on this valuation, the Tax Court ruled that the Felts should have reported a capital gain on this transaction.

The Felts challenge the treatment of the notes received in the sale of Reliance Savings Association stock as cash equivalents valued at face value and the taxable gain resulting. A promissory note may be treated as the equivalent of cash and taxable in the manner of cash unless the taxpayer can establish facts that support an exception to this general rule. *Cowden v. Comm'r*, 289 F.2d 20, 24 (5th Cir. 1961). The relevant exceptions are that the note was not made by a solvent obligor, was conditional and unassignable, subject to set-off, or not of

2

No. 10-60512

a type frequently transferred to lender or investors at a discount not substantially greater that than the generally prevailing premium for the use of money. *Id.* The taxpayers had the burden of proving facts that support an exception to the general rule and failed to present any evidence on these issues. *See Olser v. Comm'r*, 79 T.C. 456, 469, *aff'd*, 751 F.2d 1168 (11th Cir. 1985).

The taxpayers argue also that the value of the Special Finance notes should be limited to the value of the collateral securing them, i.e. the Reliance Savings stock. The taxpayers did not make this argument to the Tax Court and we decline to consider it here. *City of Waco, Tex. v. Bridges*, 710 F.2d 220, 227-28 (5th Cir. 1983); *Dennis v. Comm'r*, 473 F.2d 274, 282 (5th Cir. 1973). We also reject the taxpayers' argument that no income should be recognized on the sale of stock in 1986 because regulators successfully prevailed in a suit to rescind the sale in 1988. The later rescission does not affect the taxpayers' obligation to recognize the sale when it occurred in 1986. *See N. Am. Oil Consol. v. Burnet*, 286 U.S. 417, 424 (1932).

## B.    Cancellation of Indebtedness Income

Gross income that is subject to taxation includes income from the cancellation of indebtedness. Under I.R.C. § 61(a)(12), a taxpayer realizes income from the cancellation of indebtedness where a debt is canceled, forgiven, or otherwise discharged for less than the full amount. *2925 Briarpark, Ltd. v. Comm'r*, 163 F.3d 313, 318 (5th Cir. 1999). The Tax Court found that the Felts must recognize $2 million in cancellation of indebtedness income in 1987 from the cancellation of debts that the taxpayers stipulated were reflected in the records of David Felt d/b/a American Guaranty, Inc. (AGI) and which they had not repaid.

The taxpayers argue that any debt David Felt owed to AGI was setoff by the debt AGI owed him and that the income, if any, should not be recognized in 1987 as found by the Tax Court, but in a later year. However, the taxpayers

failed to present any evidence to establish they took any of the steps required under Texas law to set off a debt. *See   Tex. Commerce Bank-Hurst, N.A. v. United States*, 703 F.Supp. 592, 594-95 (N.D. Texas, 1988), *aff'd. sub nom.*, *Texas Commerce Bank-Fort Worth, N.A. v. United States*, 896 F.2d 152 (5th Cir. 1990); *In re Archer*, 34 B.R. 28, 30 (Bankr. N.D. Tex. 1983); *Shearson Lehman Bros., Inc. v. Resolution Trust Corp.*, No. 05-93-00527-CV, 1994 WL 60907, *3 (Tex. App. - Dallas, Feb. 23, 1994, no pet.)(not designated for publication).

The Tax Court held that the debt was cancelled in 1987, the year the maturity date of the latest AGI note passed with no payment on the loan.  The test for determining when cancellation occurs depends on a practical assessment of the facts and circumstances relating to likelihood of repayment.  *Cozzi v. Comm'r*, 88 T.C. 435, 445 (T.C. 1987).  Under *Cozzi*, "[a]ny 'identifiable' event which fixes the loss with certainty may be taken into consideration." *Id.* at 445.  *Cozzi* specifically found that the year of the scheduled final payment under a loan agreement was an identifiable event sufficient to indicate cancellation of indebtedness. *Id.* at 447.  Since the law recognizes that there may be more than one identifiable event that triggers the cancellation, the Tax Court's fact-bound finding is not clearly erroneous.

## C.    Innocent Spouse relief for Sharon Felt

Because the Felts live in Texas, a community property state, Sharon Felt is liable for federal income tax on one-half of their community income.  *United States v. Mitchell*, 403 U.S. 190, 196 (1971).  Sharon Felt sought relief under § 66(c) of the I.R.C., which provides relief from income tax liability resulting from the operation of community property law to taxpayers domiciled in a community property state who do not file a joint tax return.  The record establishes that the Tax Court did not clearly err in finding that Sharon Felt either benefitted from the income or knew the source of all the income producing activities on which the

No. 10-60512

taxes were based for all relevant periods. These facts preclude relief under § 66(c).

Sharon Felt also argues that she is entitled to equitable relief under § 66(c), which is available despite failure of the statutory requirements above if it would be inequitable under all the facts and circumstances to hold the individual liable for the unpaid tax and deficiency. Rather than looking at the facts at the time income became taxable, the equitable defense looks at the present – whether it would be inequitable to make the spouse pay the liability today. This defense was not presented to or decided by the Tax Court, and we decline to consider it for the first time on appeal.

Sharon Felt also argues that she should be relieved from the penalties assessed against her for failure to file returns and failure to pay the tax deficiencies. She argues that she was unable to file her own tax returns because she was unaware of the income from David's businesses. As established above, the Tax Court did not clearly err in finding that Sharon Felt knew the source of all of the income producing activities on which the tax deficiencies were based for all relevant periods. Also she failed to present any evidence to demonstrate that she had reasonable cause for failing to file under I.R.M. 20.1.1.3.1.2.5.[1]

## II.

For the above reasons and the thorough reasons stated in the Memorandum Findings of Fact and Opinion of the Tax Court filed October 28, 2009, we affirm the Tax Court's judgment.

AFFIRMED.

---

[1] This regulation lists several factors a taxpayer needs to explain in order to allow the IRS to determine whether reasonable cause exists.