T.C. Summary Opinion 2021-42

UNITED STATES TAX COURT

LIBIA HIGUITA WHEELER,[1] Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15169-18S.                    Filed December 9, 2021.

Libia Higuita Wheeler, pro se.

Aaron E. Cook and Susan S. Canavello, for respondent.

---

[1] Petitioner filed her petition as "Libia Higuita Turner". At trial she stated that after her divorce from John Turner, see infra p. 3, she remarried, and her surname is now "Wheeler". We subsequently ordered a correction in petitioner's name pursuant to Rule 63(e), Tax Court Rules of Practice and Procedure.

## SUMMARY OPINION

PUGH, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[2]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 23, 2018, issued to petitioner in her individual capacity, respondent determined the following deficiency and penalty:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2015 | $12,059 | [1]$2,412 |

[1] Respondent conceded this accuracy-related penalty.

The issue remaining for decision is whether petitioner is entitled to relief from Federal income tax liability under section 66(c), which addresses the treatment of community income.

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas when she timely filed her petition.

Petitioner married John Turner in 2000. In October 2006 Turner Investments & Consulting, Inc. (Turner Investments), was organized as an S corporation; petitioner and Mr. Turner were each designated 50% shareholders. Income reported on Schedule K-1, Shareholder's Share of Income, Deductions, Credits, etc., from Turner Investments was included on petitioner's joint return with Mr. Turner for the three years (2012-14) before the year in issue. She was also issued Forms W-2, Wage and Tax Statement, reporting income from Turner Investments in years before 2015 and during that year, and she signed several checks for Turner Investments in 2013.

Petitioner and Mr. Turner filed for divorce on September 21, 2015, and their divorce was finalized by decree on December 9, 2015. Both petitioner and Mr. Turner acknowledged and signed the final divorce decree. It included provisions addressing Federal income tax liability, information requests, and tax filing, which distinguished between years before the year of divorce (2000-14) and the year of divorce (2015).

The section of the divorce decree titled "Liability for Federal Income Taxes for Prior Year" stated that petitioner and Mr. Turner "shall be equally responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2014."

The section titled "Treatment/Allocation of Community Income for Year of Divorce" included the following provisions:

> IT IS ORDERED AND DECREED that, for the calendar year 2015, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

> IT IS ORDERED AND DECREED that for calendar year 2015, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

> IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2015 within thirty days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2016. As requested information becomes available after that date, it shall be provided within ten days of receipt.

The decree also awarded Turner Investments to Mr. Turner and ordered that petitioner "shall execute any and all documents necessary to remove her name from the corporation and/or business within 5 days of receipt of same."

In compliance with the divorce decree, petitioner filed a separate 2015 Form 1040, U.S. Individual Income Tax Return (with the help of a tax preparer). For 2015 Turner Investments issued to petitioner a Form W-2; she reported this wage income on her 2015 Form 1040. For 2015 Turner Investments also reported for petitioner, as a 37.44856% shareholder for that year, on Schedule K-1, ordinary business income of $63,083 and a net rental real estate loss of $1,681; she did not report this net Schedule K-1 income.[3] Petitioner did not claim any estimated tax payments on her 2015 return.[4]

Respondent issued the notice of deficiency for tax year 2015 because of petitioner's omission of her Schedule K-1 income from Turner Investments.

After timely filing her petition, petitioner submitted Form 8857, Request for Innocent Spouse Relief, for tax year 2015 to the IRS Cincinnati Centralized

---

[3] For 2015 Turner Investments reported for Mr. Turner, as a 62.55144% shareholder, Schedule K-1 income and loss. Mr. Turner filed a separate 2015 Form 1040, on which he reported his net Schedule K-1 income.

[4] Turner Investments had made quarterly estimated tax payments for tax year 2015. For the first three quarters, these were joint estimated tax payments by petitioner and Mr. Turner of $5,000, $7,500, and $8,000, respectively. For the fourth quarter, after Turner Investments had been awarded to Mr. Turner by the divorce decree, it made an estimated tax payment of $8,000. On his 2015 Form 1040, Mr. Turner claimed one-half of the joint estimated tax payments ($10,250) plus the fourth quarter estimated tax payment ($8,000). This left unclaimed estimated tax payments of $10,250 for 2015, which the Internal Revenue Service (IRS) subsequently refunded to Mr. Turner.

Innocent Spouse Operations unit (CCISO). CCISO denied her request for relief under section 66(c). In its work papers CCISO stated that "Libia correctly filed filing status single for 2015, since taxpayers' divorce was final 12-09-2015 (before the end of the tax year)" and that Turner Investments reported petitioner's Form W-2 and Schedule K-1 income separately from Mr. Turner's.

Discussion

Petitioner does not dispute that she received the income reported by Turner Investments on her 2015 Schedule K-1.[5] And she does not contest the refund of the estimated tax payments to Mr. Turner. Instead, she contends that she is entitled to relief under section 66(c).

A.    Section 66(c)

Texas is a community property State, and under section 66, married couples who do not file joint tax returns "generally must report half of the total community income earned by the spouses during the taxable year" unless an exception applies.

---

[5] Sec. 1366(a)(1) provides that in determining income tax liability an S corporation shareholder shall take into account her pro rata share of the S corporation's items of income, loss, deduction, and credit (tax items) for the S corporation's taxable year ending with or in the shareholder's taxable year. The S corporation's income is taxable to the shareholder regardless of whether any income is distributed. Sec. 1.1366-1(a)(1), Income Tax Regs. Sec. 1377(a)(1) allocates each item of an S corporation's income or loss pro rata per share per day of ownership.

Sec. 1.66-1(a), Income Tax Regs. Section 66 provides that under certain circumstances a taxpayer may be relieved of Federal income tax liability on community property income earned by a spouse. Section 66(c) offers two types of relief to a requesting spouse--"traditional" and "equitable". Sec. 1.66-4, Income Tax Regs.

B.     Traditional relief under section 66(c)

To qualify for traditional relief under section 66(c), the requesting spouse must satisfy four conditions under section 1.66-4(a)(1), Income Tax Regs.:

> (i) The requesting spouse did not file a joint Federal income tax return for the taxable year for which he or she seeks relief;
>
> (ii) The requesting spouse did not include in gross income for the taxable year an item of community income properly includible therein, which, under the rules contained in section 879(a), would be treated as the income of the nonrequesting spouse;
>
> (iii) The requesting spouse establishes that he or she did not know of, and had no reason to know of, the item of community income; and
>
> (iv) Taking into account all of the facts and circumstances, it is inequitable to include the item of community income in the requesting spouse's individual gross income.

See also sec. 1.66-4(g)(2), Income Tax Regs. (defining "nonrequesting spouse" as "the individual to whom the requesting spouse was married and whose income or deduction gave rise to the tax liability from which the requesting spouse seeks relief in whole or in part").

Respondent argues that petitioner does not satisfy the conditions for traditional relief under section 66(c) because she is requesting relief from tax on her own income and not on income of a nonrequesting spouse. We agree.

Petitioner is requesting relief from tax on income allocated to her as a shareholder in Turner Investments and reported on her Schedule K-1. Petitioner is not entitled to traditional relief because this income would not be treated as Mr. Turner's under the rules of section 879(a).[6] See sec. 1.66-4(a)(1)(ii), Income Tax Regs. Under section 879(a), community income that is trade or business income is treated as provided in section 1402(a)(5). Under section 1402(a)(5)(A), gross income and deductions attributable to a jointly operated trade or business are treated as the gross income and deductions of each spouse on the basis of their respective distributive shares of the gross income and deductions. Therefore, the rules contained in section 879(a) treat income from Turner Investments, a jointly operated trade or business, as the income of petitioner and Mr. Turner on the basis of their respective distributive shares. The income from petitioner's 37.44856%

---

[6] We do not refer to Mr. Turner here as the "nonrequesting spouse" because the definition of that term in the regulation specifies that it is an individual "whose income or deduction gave rise to the tax liability from which the requesting spouse seeks relief in whole or in part." Sec. 1.66-4(g)(2), Income Tax Regs. It was not Mr. Turner's Schedule K-1 income (or any other income or deduction of his) that gave rise to the deficiency from which petitioner seeks relief; she seeks relief from tax on her own Schedule K-1 income.

ownership of Turner Investments and reported on her 2015 Schedule K-1 would not be treated as income of a nonrequesting spouse, and she therefore does not satisfy section 1.66-4(a)(1)(ii), Income Tax Regs. We therefore hold that petitioner is not entitled to traditional relief under section 66(c).

Petitioner primarily argues that she is entitled to relief because she did not know about the Schedule K-1 income. See sec. 1.66-4(a)(1)(iii), Income Tax Regs. She states that Mr. Turner did not provide her with a 2015 Schedule K-1. She further argues that her failure to claim the estimated tax payments and the subsequent refund to Mr. Turner of those payments bolster her claim for relief and demonstrate her lack of knowledge about Turner Investments.

But a taxpayer's knowledge of an item of community income must be determined by considering her knowledge of the particular income-producing activity. See McGee v. Commissioner, 979 F.2d 66, 70 (5th Cir. 1992), aff'g T.C. Memo. 1991-510; sec. 1.66-4(a)(2), Income Tax Regs. Petitioner was a shareholder in Turner Investments and reported Schedule K-1 income for the three years before 2015 on her Form 1040 jointly filed with Mr. Turner, received and reported Form W-2 income from Turner Investments for 2015 (and prior years), signed several checks for Turner Investments in 2013, and signed a divorce decree that referenced Turner Investments and required her to execute documents to

remove her name from it. See Felt v. Commissioner, T.C. Memo. 2009-245 (finding that a requesting spouse knew the source of the income because she knew the name of and had deposited checks from a nonrequesting spouse's business that generated family income), aff'd, 433 F. App'x 293 (5th Cir. 2011). Crediting her testimony that she did not receive a Schedule K-1 for 2015 thus would not defeat a finding that she knew of or had reason to know of Turner Investments as an income-producing activity.

Moreover, the divorce decree gave petitioner the right to request information "to prepare federal income tax returns for 2015" from Mr. Turner and required Mr. Turner "to furnish such information to * * * [petitioner]" within a specified period. Petitioner introduced no evidence that she requested such information or that Mr. Turner blocked her from doing so; rather, she claims that he failed to provide the Schedule K-1 for 2015. Her right to request information under the divorce decree also was a means by which petitioner could have correctly reported her portion of Turner Investments' estimated tax payments. Petitioner also hired a tax return preparer to assist her, mitigating her lack of tax knowledge. It is unfortunate that petitioner did not exercise her right to request such information under the divorce decree, which could have alerted her to both the Schedule K-1 and the estimated tax payments. But it does not alter our conclusion that petitioner knew of or had

reason to know of Turner Investments as an income-producing activity under section 1.66-4(a)(2), Income Tax Regs.

C.    Equitable relief under section 66(c)

If traditional relief is not available to a requesting spouse, equitable relief may be available under the flush language of section 66(c), the last sentence of which reads:

> Under procedures prescribed by the Secretary, if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either) attributable to any item for which relief is not available under the preceding sentence, the Secretary may relieve such individual of such liability.

The Commissioner has specified the procedures governing equitable relief in Rev. Proc. 2013-34, 2013-43 I.R.B. 397.[7]  In a deficiency proceeding we may review the IRS' denial of equitable relief under the last sentence of section 66(c).[8]

---

[7] Rev. Proc. 2013-34, 2013-43 I.R.B. 397, which superseded Rev. Proc. 2003-61, 2003-2 C.B. 296, applies to requests for relief from joint and several liability and income tax liability resulting from the operation of community property law that were filed on or after September 16, 2013.  Although we are not bound by the guidelines set forth in Rev. Proc. 2013-34, supra, we consult those guidelines in considering whether a taxpayer is entitled to equitable relief.  See Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011).

[8] We reached this conclusion in Beck v. Commissioner, T.C. Memo. 2001-198, 2001 WL 854849, at *8, by first noting that the sec. 66(c) equitable relief provision was enacted in the same section of the same legislation that created a similar equitable relief provision under sec. 6015(f), see Internal Revenue Service

The requesting spouse must satisfy five threshold conditions to be eligible to submit a request for equitable relief under section 66(c). Rev. Proc. 2013-34, sec. 4.01, 2013-43 I.R.B. at 399-400. One threshold condition is that "[t]he income tax liability from which the requesting spouse seeks relief is attributable (either in full or in part) to an item of the nonrequesting spouse or an underpayment resulting from the nonrequesting spouse's income." Id. sec. 4.01(7), 2013-43 I.R.B. at 399.

Respondent argues that petitioner is not eligible for equitable relief for the same reason she failed to satisfy the conditions for traditional relief: She is

Restructuring and Reform Act of 1998, Pub. L. No. 105-206, sec. 3201(b), 112 Stat. at 739, and then extending our reasoning from Butler v. Commissioner, 114 T.C. 276, 287-292 (2000), that in a deficiency proceeding initiated under sec. 6213(a) the Court has jurisdiction to review the IRS' denial of equitable relief under sec. 6015(f). We also extended the standard of review enunciated in Butler--abuse of discretion--from sec. 6015(f) to sec. 66(c). Following a 2006 amendment to sec. 6015(e)(1)(A), Butler was overruled by Porter v. Commissioner, 132 T.C. 203 (2009). The Court has not addressed what effect, if any, Porter has on the standard of review for denials of equitable relief under sec. 66(c). See Felt v. Commissioner, T.C. Memo. 2009-245, 2009 WL 3460725, at *18 n.15 ("We will figure out Porter's effect on section 66(c) in some later case."), aff'd, 433 F. App'x 293 (5th Cir. 2011).

In this case, heard pursuant to sec. 7463(b) without objection, see Rule 171, the standard of review is not dispositive: Petitioner would not prevail under either a de novo or abuse of discretion standard of review. Therefore it is not an appropriate "later case" to analyze Porter's effect on sec. 66(c). We review the IRS' denial of petitioner's claim for equitable relief under sec. 66(c) de novo without deciding the issue, which also illustrates that the IRS' denial should be upheld under an abuse of discretion standard.

requesting relief from tax on her own income. Once again, we agree. The income tax liability from which petitioner seeks relief is not attributable (either in full or in part) to an item or underpayment of another individual. See id. Rather, the liability from which she seeks relief is attributable to her status as a 37.44856% shareholder in Turner Investments (distinct from Mr. Turner's status as a 62.55144% shareholder).

The exceptions for which "the Service will consider granting relief regardless of whether the * * * deficiency * * * is attributable * * * to the requesting spouse" under Rev. Proc. 2013-34, sec. 4.01(7), 2013-43 I.R.B. at 399-400, are (a) attribution solely due to operation of community property law, (b) nominal ownership, (c) misappropriation of funds, (d) abuse, and (e) fraud committed by the nonrequesting spouse.

Petitioner does not meet any of these exceptions because: (a) the Schedule K-1 income from Turner Investments is attributable to her under section 1366, not solely by the operation of community property law; (b) the Schedule K-1 is in her name, and she did not rebut the consequent presumption that the income is attributable to her; (c) her failure to claim estimated tax payments (and the IRS' subsequent refund of those excess payments to Mr. Turner pursuant to section 6402 and section 1.6654-2(e)(5)(ii), Income Tax Regs.) does not constitute

misappropriation of funds; (d) she filed an individual return and did not establish how any prior abuse by Mr. Turner would result in her inability to challenge the treatment of items on a return that she filed individually after her divorce was finalized and with the help of her own return preparer; and (e) she did not argue or establish that fraud is the reason for an erroneous item. Nor are we persuaded that her failure to claim the estimated tax payments and the subsequent refund to Mr. Turner provided sufficient ground for equitable relief independent of these factors. While the facts here are unfortunate, they were not unavoidable. We therefore hold that petitioner is not entitled to equitable relief under section 66(c).

Any contentions we have not addressed we deem irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate decision will be entered.